### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

REGENIA RICHARDSON,                )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )   Case No. 07-CV-286-PJC
                                   )
MICHAEL J. ASTRUE, Commissioner of the  )
Social Security Administration,    )
                                   )
    Defendant.                    )

### OPINION AND ORDER

NOW before the Court are Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. #21) and Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Dkt. #19). The Motions (Dkt. #19 and #21) are GRANTED as provided herein.

**Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)**

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. However, the McGraw court cautioned that a motion for fees under Section 406(b)(1) "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Id.*

Here, Plaintiff received a fully favorable ALJ Decision dated July 29, 2009, and she received a Notice of Award dated October 25, 2009, calculating Plaintiff's past-due benefits as $66,382.00, with $16,595.50 withheld for attorney fees.

The procedure in this District is that counsel should file a motion pursuant to Rule 60(b)(6) promptly after a favorable decision has been issued by the Social Security Administration stating that the claimant will receive past-due benefits. *Bernal v. Astrue*, 611 F. Supp. 2d 1217 (N.D. Okla. 2009); *Miles v. Astrue*, 2009 WL 2132723 (N.D. Okla.); *Plogger v. Astrue*, 2009 WL 2913442 (N.D. Okla). In the Rule 60(b)(6) motion, counsel should advise the court if there are circumstances that affect the calculation of Section 406(b) fees, and the lack of receipt of the notice of award that gives the exact calculation of the past-due benefits would be one such circumstance.

In the present case, the favorable decision was dated July 29, 2009, and the Notice of Award was dated October 26, 2009, and this Motion was filed November 6, 2009. Under these circumstances, the Motion was timely filed. The Court further notes that Plaintiff has indicated that she does not object to a fee award. (Dkt. #20). Under the circumstances of this case, the Court will exercise the broad discretion available under Rule 60(b)(6) to GRANT the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) (Dkt. #21).

**Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)**

Counsel seeks approval of an attorney fee award of $10,595.50 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that she does not object to an additional fee award. (Dkt. #20) The Motion (Dkt. #19) is GRANTED as provided herein.

Plaintiff appealed the administrative denial of her application for Social Security benefits to this Court. By Order of this Court, the administrative denial of Plaintiff's application for benefits was reversed and remanded to the Commissioner for further administrative proceedings. (Dkt. #13 and #14). The Court granted Plaintiff's application for an award of $3,226.60 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. (Dkt. #18). The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff.

As previously stated, Plaintiff was granted past-due benefits of $66,382.00. Plaintiff's attorneys are requesting $10,595.50, representing the withheld amount of 25% of the total past-due benefits to Plaintiff, which was $16,595.50, less Counsel's agency-level fee of $6,000.00. Counsel agrees that the smaller award - the Section 406(b) award granted pursuant to Plaintiff's Motion, or the previously-granted EAJA fees - will be refunded to Claimant. The Commissioner declines to assert a position on Plaintiff's Motion, noting that he is not the true party in interest, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant's Response (Dkt. #23).

When a claimant appeals to court and is successful, the attorney representing the claimant can be awarded fees for work before the court, up to 25% of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that they are reasonable in a particular case. *Gisbrecht,* 535 U.S. at 807-08.

The undersigned concludes that a fee award of $10,595.50 is reasonable. That amount is consistent with the contract between counsel and Plaintiff and is within the statutory limits of Section 406(b). Plaintiff's attorneys spent 19.3 hours on the work before this Court, and the requested fee award yields an hourly rate of approximately $549. While this amount is high, it is not

a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce, but that is because contingency fee contracts have the risk that there will be no fee recovery, and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the amount of the EAJA fee award, $3,226.60, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $7,368.90, for an hourly rate of approximately $382.

Plaintiff's Motion (Dkt. #19) is hereby GRANTED as follows. The Court finds $10,595.50 is a reasonable attorney fee and is hereby awarded to Plaintiff's attorneys. Upon receipt of payment, counsel is required to refund to Plaintiff the smaller of the Section 406(b) fees or the EAJA fees pursuant to *Weakley*.

SO ORDERED this 2nd day of April, 2010.

_____
Paul J. Cleary
United States Magistrate Judge